UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE  DIVISION

| | | |
|---|---|---|
| MARILYN BARA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| and | ) | 3:04-cv-184-RLY-WGH |
| | ) | |
| CAMBRIDGE INTEGRATED SERVICES | ) | |
| GROUP, INC., | ) | |
|     Intervening Plaintiff, | ) | |
| | ) | |
|   vs. | ) | |
| | ) | |
| EVANSVILLE EXECUTIVE HOTEL, LLC | ) | |
| d/b/a | ) | |
| EXECUTIVE INN OF EVANSVILLE, | ) | |
|     Defendant. | ) | |

**ENTRY ON CAMBRIDGE INTEGRATED SERVICES GROUP, INC.'S MOTION TO INTERVENE**

**I.**  **Background**

On October 29, 2004, Marilyn Bara ("Plaintiff") filed a Complaint in the United States District Court for the Southern District of Indiana seeking compensation for injuries sustained while on the premises of Executive Inn of Evansville ("Defendant"). At the time of the injury, the Plaintiff's employer's compensation insurance carrier was Cambridge Integrated Services Group, Inc. ("Cambridge") (Motion to Intervene ¶ 1). Cambridge, therefore, began making payments and has promised to continue making payments to the Plaintiff per the compensation insurance contract.  (*Id*.).  On May 12,

1

2005, Cambridge filed a Motion to Intervene seeking to protect its ability to recover compensation paid and payable to the Plaintiff in the event of a judgment award against the Defendant. On November 18, 2005, the Plaintiff filed an Objection to the Motion to Intervene. ("Objection"). The Objection claimed that Indiana Code § 22-3-2-13 fully protects Cambridge's subrogation rights and time bars its Motion to Intervene. Jurisdiction is proper as the Plaintiff, a citizen and resident of Bellville, Michigan, seeks more than $75,000 in damages from the Defendant, a citizen and resident of Evansville, Indiana. (Complaint ¶¶ 1, 2, 4).

For the reasons discussed below, Cambridge's Motion to Intervene is **DENIED**.

## II. Discussion

A federal court sitting in diversity must apply the substantive law of the state in which it sits. *Doe v. Roe No. 1*, 52 F.3d 151, 154 (7th Cir. 1995). Likewise, federal courts must respect state statutes of limitation. *Id.* Accordingly, the court shall apply Indiana state law in addressing the Motion to Intervene. I.C. 22-3-2-13 provides in pertinent part:

> If the injured employee . . . shall agree to receive compensation from the employer or the employer's compensation insurance carrier . . . the employer or the employer's compensation insurance carrier shall have a lien upon any settlement award, judgment, or fund out of which the employee might be compensated from the third party.

Cambridge contends that without intervention its ability to recover will be impaired or impeded. The court finds, however, that regardless of the amount the Plaintiff receives, Cambridge's interests are adequately protected by virtue of I.C. 22-3-2-

2

13. *Tunny v. Erie Ins. Co.*, 790 N.E.2d 1009, 1013-14 (Ind. App. 2003) (enforcing insurance carrier's right to judgment in third party suit or reimbursement of benefits paid per I.C. 22-3-2-13); *Norris v. U.S. Fidelity and Guar. Co.*, 436 N.E.2d 1191, 1194 (Ind. App. 1982) (holding I.C. 22-3-2-13 protects insurance carrier's right to full recovery of benefits paid, through lien provisions, in the event of judgment against third party). With such protections in place, Cambridge's ability to recover will not be impaired or impeded.

### III.   Conclusion

For the reasons set forth above, Cambridge's Motion to Intervene is **DENIED**.


**ALL OF WHICH IS ORDERED** this  21st  day of June 2005.


_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Jessica Ann McCarthy
FINE & HATFIELD
jam@fine-hatfield.com

Allison Bowers Rust
BACH HAMILTON LLP
allisonrust@bach-hamilton.com

Stephen H. Thomas
GERLING LAW OFFICES
steve@gerlinglaw.com